IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Number 3:08cr79/MCR

MARK BARRY LYON
_____/

## PLEA AND COOPERATION AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between MARK BARRY LYON, John Beroset and Thomas H. Malowney, attorneys for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against the defendant, MARK BARRY LYON.

### 2. TERMS

The parties agree to the following terms:

a.   MARK BARRY LYON will plead guilty to Counts One and Two of the Indictment.

_____ Defendant's Initials

_____ Defense Attorney's Initials

_____ Defense Attorney's Initials

FILED IN OPEN COURT THIS
11-07-08
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

b.  Charges - Count One charges that from on or about May 2002, through on or about the date of the return of the Indictment, in the Northern District of Florida and elsewhere, MARK BARRY LYON, the other named defendants in the Indictment and others, did knowingly and willfully combine, conspire, confederate and agree together and with other persons to: (1) defraud the Internal Revenue Service, an agency of the United States, by dishonest and deceitful means, by attempting to impede, impair, obstruct and defeat the lawful government functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of income tax; and (2) to commit offenses against the United States, specifically wire fraud, in violation of Title 18, United States Code, Sections 371 and 1343.

c.  Count Two charges that from on or about May 2002 through on or about the date of the return of the Indictment, in the Northern District of Florida and elsewhere, MARK BARRY LYON, the other named defendants in the Indictment and others, did knowingly combine, conspire, confederate and agree together and with other persons, to conduct and attempt to conduct financial transactions affecting interstate commerce, which funds were in fact derived from specified unlawful activity, that is, wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections

_____ Defendant's Initials
_____ Defense Attorney's Initials
_____ Defense Attorney's Initials

2

1956(a)(1)(B)(i) and 1956(h).

    d.    Penalties - As to Count One, the defendant, MARK BARRY LYON, faces the following penalty: up to up to five (5) years imprisonment, up to a $250,000 fine, forfeiture of any proceeds of said crime, up to three (3) years supervised release, and a $100 special monetary assessment. As to Count Two, the defendant faces up to twenty (20) years imprisonment, up to a $500,000 fine or twice the monetary value of the funds laundered, forfeiture of all proceeds traceable to the commission of this offense, three (3) years supervised release and a $100 special monetary assessment.

    e.    The defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One and Two of the Indictment. In pleading guilty to these offenses, the defendant acknowledges that were this case to go to trial, the government could present evidence to support each element of the charges beyond a reasonable doubt and each of the overt acts alleged in the Indictment.

*Count One - Conspiracy to defraud the United States, Title 18, U.S.C., § 371*

*ECCA Pattern Jury Instruction 13.1*

*First:*    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

*Second:*    That the defendant, knowing the unlawful purpose of the plan, willfully joined in it;

*Third:*    That one of the conspirators during the existence of the conspiracy

_____ Defendant's Initials

_____ Defense Attorney's Initials

_____ Defense Attorney's Initials

3

              knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

*Fourth:*      That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish either of the objects of the conspiracy.

*Count Two - Conspiracy to commit money laundering, Title 18, U.S.C., § 1956(h)*

*ECCA Pattern Jury Instruction 70.5*

*First:*      That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate Title 18, United States Code, Section 1956, as charged in the indictment;

*Second:*      That the defendant knowingly and voluntarily participated in the conspiracy.

*Count Two - Money Laundering Concealing Proceeds of Specified Unlawful Activity*

*ECCA Pattern Instruction 70.2*

*First:*      That the defendant knowingly conducted, or attempted to conduct, a "financial transaction,"

*Second:*      That the defendant knew that the fund or property involved in the financial transaction represented the proceeds of some form of unlawful activity;

*Third:*      That the funds or property involved in the financial transaction did in fact represent the proceeds of "specified unlawful activity" – in this case the proceeds of wire fraud; and

*Fourth:*      That the defendant engaged in the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or the control of the proceeds of such specified unlawful activity.

_____ Defendant's Initials

_____ Defense Attorney's Initials

_____ Defense Attorney's Initials                                  4

f.  Upon the District Court's adjudication of guilt of the defendant MARK BARRY LYON for the offenses of conspiracy to defraud and violate the laws of the United States and conspiracy to commit money laundering, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled.

g.  Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.  Should the defendant be charged with any offense alleged to have occurred after entry into this agreement, any statements, information or other evidence disclosed to the Government during the defendant's cooperation may be used against the defendant in any such prosecution.

h.  **The parties agree that the sentence to be imposed is left solely to the discretion of the District Court**, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant.  The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

_ML_ Defendant's Initials
_GB_ Defense Attorney's Initials
_TM_ Defense Attorney's Initials                                                                                                5

   i. The United States Attorney will not recommend a specific sentence. Both parties have the right to advise the District Court and other authorities of their versions of the offenses committed by the defendant. Both parties have the right to argue positions under the Sentencing Guidelines, including requests for departures from the guideline range.

   j. MARK BARRY LYON agrees to cooperate fully and truthfully with the United States Attorney and his designated representatives and with agencies identified by the United States Attorney. Such cooperation shall include but is not limited to providing complete and truthful debriefings and testimony at grand jury, trial, and as otherwise requested, involving any matter under investigation.

   k. MARK BARRY LYON specifically waives any Fifth Amendment privilege and any other privilege inconsistent with the cooperation required by this agreement.

   l. MARK BARRY LYON and his attorney agree to allow defendant to be interviewed as part of his cooperation under this agreement by the government or its state and/or local designees without prior notice or the presence of counsel, to include testimony in all necessary proceedings related to the information provided as part of the defendant's cooperation.

   m. If all terms and conditions of this agreement are satisfied and there exists

_____ Defendant's Initials

_____ Defense Attorney's Initials

_____ Defense Attorney's Initials               6

no cause for revocation as outlined in Section 3, any statements made by MARK BARRY LYON pursuant to this agreement will be treated by the United States as given under Rule 11(f), Federal Rules of Criminal Procedure, Rule 410, Federal Rules of Evidence, and Sentencing Guidelines §1B1.8.

n.   The United States Attorney agrees to make known his opinion as to the nature and extent of the defendant's cooperation.

o.   Defendant understands that conviction on these charges may adversely affect his immigration status and may lead to his deportation.

### 3. REVOCATION

a.   The parties agree that the United States Attorney may revoke this agreement upon showing, by a preponderance of the evidence, any of the following:

1. that defendant has refused to cooperate as required by this agreement;

2. that defendant's statements or testimony has been untruthful or incomplete;

3. that defendant has failed to comply with any of the terms of this agreement;

4. that defendant has any criminal liability for homicide; or

5. that defendant has engaged in further criminal conduct after entering into this agreement.

b.   If this agreement is revoked,

1. The plea of guilty entered by MARK BARRY LYON pursuant to this

_____ Defendant's Initials

_____ Defense Attorney's Initials

_____ Defense Attorney's Initials

7

agreement and any judgment entered thereon shall remain in full force and effect and will not be the subject of legal challenge by the defendant.

2. The United States may file charges without limitation by this agreement.

3. All statements, information and other evidence provided by MARK BARRY LYON pursuant to this agreement or under Rule 11, Federal Rules of Criminal Procedure, may be used against the defendant in any proceeding in this or any other action.

4. The defendant, regardless of cooperation, and at the sole discretion of the United States Attorney, may be deemed not to have provided substantial assistance.

### 4. SENTENCING

a.  Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentence greater than anticipated shall not be grounds for withdrawal of defendant's plea.

b.  The United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by the defendant, including correcting any misstatements by

_ML_ Defendant's Initials

___ Defense Attorney's Initials

___ Defense Attorney's Initials

8

defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

    c.    If, in the sole discretion of the United States Attorney, MARK BARRY LYON is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if the defendant has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of defendant's cooperation. **Should a motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.**

    d.    The parties reserve the right to appeal any sentences imposed.

### 5. FORFEITURE

    a.    Prior to sentencing, the defendant shall accurately and completely identify every asset which is either owned by the defendant or is under the defendant's control. All property shall be identified, whether forfeitable or not.

    b.    The defendant agrees to fully and truthfully disclose all facts which could

_____ Defendant's Initials
_____ Defense Attorney's Initials
_____ Defense Attorney's Initials

9

tend to make any interest which defendant owns or controls in property forfeitable under the laws of any jurisdiction, including property which may be forfeitable as substitute assets.

    c.    <u>Defendant agrees to forfeit all of his interest in forfeitable assets to the United States or to agencies designated by the United States.</u>

The defendant shall take all steps necessary to transfer forfeitable assets to the United States, including but not limited to executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing persons holding property on the defendant's behalf to transfer such property to the United States. These transfers shall be completed prior to sentencing.

    d.    At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

_____ Defendant's Initials

_____ Defense Attorney's Initials

_____ Defense Attorney's Initials

10

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and the defendant, and the defendant enters this agreement knowingly, voluntarily and upon advice of counsel.

JOHN BEROSET
Attorney for Defendant

11-4-08
Date

THOMAS H. MALOWNEY
Counsel for defendant

11-4-08
Date

MARK BARRY LYON
Defendant

11/4/08
Date

THOMAS F. KIRWIN
Acting United States Attorney

MICHELLE HELDMYER
Florida Bar No. 616214
Assistant U.S. Attorney
Northern District of Florida
21 East Garden Street, Suite 400
Pensacola, Florida 32502
850/444-4000

11